REDMANN, Judge
(dissenting in part).
Although our results may differ more in form than substance, I would reverse the holding of disqualification in the Zenith case, and allow from July 29 whatever benefits the claimant may have been entitled to (noting he began employment on August 4 with Commonwealth and thus might, depending on his earnings, not be due any benefits; see R.S. 23:1600(4), 23:1593 and 23:1594).
I believe it is error of law to say that a man who admittedly quit working on July 29 was fired three months later. There was no longer a real employer-employee relationship in existence, despite Zenith’s books.
The reason plaintiff quit was that in July customers returned as many hearing aids as he sold in his last month. He accordingly earned almost nothing that month. That was, as the first administrative action held, good cause connected with employment.
I further believe it error of law to hold plaintiff’s fault in the matter of the request for inventory “misconduct” within R.S. 23:1601(2).
I subscribe to the majority opinion in respect to the Commonwealth and Atlas cases, and dissent in the Zenith case.